## KILROY *v.* DELAWARE & H. C. CO.

*(Superior Court of New York City, General Term.  June 20, 1888.)*

NEGLIGENCE—UNLOADING BOAT—EVIDENCE—CUSTOM.

In an action for injuries received while working for a stevedore, who had been employed by the consignees to unload coal from defendant's boat, the injuries having been occasioned by the negligence of the person to whom the captain of the boat had intrusted the guy-rope, it is competent to show that the boat was unloaded in accordance with a custom by which the captain, or some one designated by him, in the interest of the owners of the boat, attends to the handling of the guy-rope, and directs the movement of the boy in charge of the hoist horse.[1]

Appeal from trial term; CHARLES H. TRUAX, Judge.

Action by Lawrence Kilroy against the president, managers, and company of the Delaware & Hudson Canal Company, for injuries sustained while unloading coal from one of the defendants canal-boats; plaintiff being at the time of the accident in the employ of James O'Brien, the stevedore, who had been engaged by the consignees of the coal. Defendant appeals from a judgment in favor of plaintiff, and from an order denying a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Matthew Hale* and *Frank E. Smith,* for appellant.   *Louis F. Post* and *Samuel Ashton,* for respondent.

FREEDMAN, J.   Although James O'Brien was employed as a stevedore to unload the coal from defendant's boat, and the derrick, with its appurtenances, used for that purpose, was the property of such stevedore, yet it was competent to show that the unloading was to proceed according to a certain custom, for the captain of the boat, or somebody specially designated by him for that purpose, in the interest of the boat, to attend to the guy-rope, and to direct the movements of the boy who managed the hoist horse.   In the case at bar evidence was given that, pursuant to such custom, the captain of defendant's boat did undertake to attend to the guy-rope, and to direct the movements of the boy and the horse, first in person, and afterwards by a substitute; and that plaintiff's injuries were caused by the manner in which said substitute performed the assumed duty.   The evidence was submitted to the jury, with an instruction to the effect that, if, in what he did, the captain acted as the servant of O'Brien, the plaintiff could not recover; but if he acted as the servant of defendant's company, the company was chargeable with his negligence and the negligence of the person whom he substituted in his place.   The jury were also instructed that the plaintiff could not recover unless the injuries which he sustained were the natural and proximate result of negligence chargeable to the defendants.   There was no error in such submission.   Indeed, the charge, as a whole, fully and fairly guarded every right of the defendants in every aspect of the case.   Upon the whole case, no exception appears which constitutes ground for reversal.   The judgment and order should be affirmed, with costs.

SEDGWICK, C. J.   I am of opinion that the employment of the stevedore and his derrick was not inconsistent with the captain of the boat being the servant and agent of the defendant in the management of the guy-rope.   The captain, as a witness for defendant, testified: "It is part of my duty, as captain of the boat, to handle the guy-rope."   Under the circumstances of the case the jury could rightly find that the authority of the captain was not confined merely to holding the guy, but was more general in respect of its entire management, so that he had authority to give its care and handling to a third person, who thereupon became an agent of the defendants, and whose negli-

[1] As to evidence in actions for negligence, see Whitney v. Gross, (Mass.) 5 N. E. Rep. 619, and note.

gence in what occurred was implied to the defendants. I think that no exception was taken which calls for a reversal of the judgment, and that it and the order appealed from should be affirmed, with costs.